IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. 15-06001-01-CR-SJ-BP |
| | ) | |
| FRANCISCO ORTEGA-MONTALVO, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>ORDER AND OPINION (1) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND (2) DENYING DEFENDANT'S MOTION TO SUPPRESS</u>**

Defendant has been indicted on one count of illegally re-entering the country after having been deported following his commission of an aggravated felony in violation of 8 U.S.C. §§ 1326(a) and (b)(2). He filed a Motion to Suppress, (Doc. 20), contending agents from the Department of Homeland Security ("the Agents") entered his apartment unlawfully and arrested him. The Honorable Robert E. Larsen, United States Magistrate Judge for this District, held a hearing on May 5, 2015, and he issued a Report on July 29, 2015, (Doc. 37), recommending that the Motion to Suppress be denied. Defendant objects to Judge Larsen's Report and Recommendation. The Government has not responded to the Objection, and the time for doing so has passed. Local Rule 74.1(a)(2).

The Court has conducted a de novo review as required by 28 U.S.C. § 636(b)(1). In particular, the Court has reviewed the parties' submissions before the hearing, the transcript from the hearing, the exhibits admitted during the hearing, and Defendant's objections. Having conducted this review, the Court adopts Judge Larsen's Report as the Order of the Court and denies the Motion to Suppress.

Judge Larsen's thorough Report obviates the need for an extensive discussion. Defendant's Objection addresses his roommate's (Juan Maldonado) consent to search the apartment. The Agents' investigation informed them that Defendant was a previously deported alien who had been convicted of an aggravated felony, that he was working at a restaurant in Platte City, Missouri, that he drove a white truck with a specified license plate, and that an individual with his name lived in a particular apartment in Platte City. Armed with this information (and a picture of Defendant) the Agents assembled at the apartment at a time when the truck was parked there. The Agents testified (and the Court finds) that they were outside the apartment door when they sounded the buzzer, and at this time their guns were not drawn. (Tr. at 30, 41, 65, 72.) Maldonado answered the door; he appeared to have been woken by the Agents. (Tr. at 45.) The Agents displayed their badges and credentials, and one of the Agents spoke in Spanish and explained who the Agents were. He was asked "what country he was a citizen of, he said he was from Mexico." He was then asked if he had documents permitting him to be in the United States; he said he did not. The Spanish-speaking Agent "then asked if we could come in the apartment and talk [and h]e consented and we walked into the apartment." (Tr. at 45; *see also* Tr. at 58-60.) In response to questioning, Maldonado indicated that a friend was in the back bedroom. The Agents then conducted a protective sweep; it was at this time that they drew their weapons (although they did not point them at Maldonado). At no time was Maldonado placed in handcuffs, told he was under arrest, or told he was not free to leave.

Maldonado testified that he opened the door because he thought a friend of his was activating the buzzer, and that the Agents did not say anything. Contradictorily, he also testified that as he opened the door he saw them in the hallway outside his door with their guns drawn, and they told him not to move. One of the Agents grabbed him by his neck and pushed him

2

Case 5:15-cr-06001-BP   Document 48   Filed 10/02/15   Page 2 of 3

against the wall in the hallway and pointed his gun at him while the other Agents when inside the apartment. They did not ask for permission to enter the apartment, "they just went in. And once they were inside they said who else lives there and I said that it was just my friend." During this conversation, one or more Agents' guns were pointed at him. (Tr. at 81-82.) At no time was Maldonado asked about his immigration status, nor was he asked any other questions. (Tr. at 82-83.)

The Agents did not have a warrant to search the apartment, nor did they have a warrant to arrest Defendant. However, Maldonado's consent would validate the warrantless search. *E.g., Fernandez v. California*, 134 S. Ct. 1126, 1133 (2014). Under Maldonado's version of events there was no consent; under the Agents' version of events there was. The Court agrees with Judge Larsen's Recommendation that the Agents' version of events is more credible. Factors in this decision include the consistency of the Agents' testimony, the explanation given for not having guns drawn, and Maldonado's inconsistent statements. (Doc. 37, p. 14.) In addition, the Court has considered the general reasonableness of the testimony and finds Maldonado's claim that the Agents pushed him to the wall at gunpoint and entered the apartment without saying anything to him is not credible.

For these reasons, the Court overrules Defendant's objections, adopts Judge Larsen's Report and Recommendation, and denies the Motion to Suppress.

**IT IS SO ORDERED.**

DATE: October _2__, 2015

/s/ Beth Phillips  
BETH PHILLIPS, JUDGE  
UNITED STATES DISTRICT COURT

3